UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9197 CAS (JEMx) | Date | December 12, 2011 |
|---|---|---|---|
| Title | MARIA SEVIGNY v. DG FASTCHANNEL, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| RITA SANCHEZ | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:** (In Chambers:) DEFENDANT'S MOTION TO DISMISS (filed 11/14/2011)

## I.  INTRODUCTION

On October 5, 2011, plaintiff Maria Sevigny ("plaintiff") filed the instant complaint in Los Angeles Superior Court against defendant DG Fastchannel, Inc. ("DG"), alleging (1) negligent misrepresentation, (2) violation of Cal. Lab. Code § 2802, and (3) wrongful termination in violation of public policy pursuant to Cal. Bus. & Prof. Code § 16600 et seq. and Cal. Lab. Code § 2802.  Defendant timely removed to this Court on November 4, 2011.

On November 14, 2011, defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff filed her opposition on November 21, 2011, and defendant filed its reply on November 28, 2011.  After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.  BACKGROUND

In 2009, plaintiff was employed by EyeWonder, an interactive digital advertising company.  Compl. ¶ 6.  Her employment agreement with EyeWonder contained a non-complete clause that precluded her from soliciting EyeWonder's customers should she leave the company to work for a competitor.  Id. ¶ 7.  In August 2009, a recruiter for Unicast (a division of defendant DG and direct competitor of EyeWonder) approached plaintiff about potentially leaving EyeWonder to work for Unicast.  Id. ¶ 6.  Plaintiff informed the recruiter that she was subject to a non-compete agreement and, upon request, produced a copy of the agreement for the recruiter to assess.  Id. ¶¶ 7–8.  The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

| Case No. | CV 11-9197 CAS (JEMx) | Date | December 12, 2011 |
|---|---|---|---|
| Title | MARIA SEVIGNY v. DG FASTCHANNEL, INC. | | |

Unicast recruiter allegedly represented to plaintiff that the "non-compete clause was unenforceable" and that Unicast "would take care of" any problems that might arise between plaintiff and EyeWonder.  Id. ¶ 8.

In December 2009, plaintiff accepted a position with Unicast.  Id. ¶ 9.  Shortly thereafter, EyeWonder brought suit in a Georgia court to enforce its non-compete agreement and to preclude plaintiff from soliciting her former clients.  Id. ¶ 11.  Unicast initially paid for plaintiff's attorneys' fees in defending the Georgia action and in a separate lawsuit plaintiff had filed in a California court that sought to invalidate the non-compete clause.  Id. ¶ 6.

In January 2010, the Georgia court issued a preliminary injunction enjoining plaintiff from soliciting EyeWonder's customers.  On February 25, 2010, Unicast informed plaintiff it would no longer pay her attorneys' fees.  Id. ¶ 13.  In April 2010, plaintiff allegedly could no longer pay her legal fees and "reluctantly" entered into a settlement with EyeWonder.  Id. ¶ 14.  As part of the settlement agreement, plaintiff agreed not to solicit any of her EyeWonder clients until January 2011.  Id. ¶¶ 14, 17.  Plaintiff avers that "Unicast further hampered [plaintiff's] ability to generate business by refusing her request to send out announcements of her hiring" and by forbidding her "from even contacting any of her former clients, even though the Injunction only precluded [her] from soliciting their business."  Id. ¶ 15.

On August 5, 2011, Unicast terminated plaintiff's employment because she "had not generated the amount of business that Unicast had anticipated when it hired her."  Id. ¶ 17.  This suit followed.

**III.   LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9197 CAS (JEMx) | Date | December 12, 2011 |
|---|---|---|---|
| Title | MARIA SEVIGNY v. DG FASTCHANNEL, INC. | | |

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**IV. DISCUSSION**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9197 CAS (JEMx) | Date | December 12, 2011 |
|---|---|---|---|
| Title | MARIA SEVIGNY v. DG FASTCHANNEL, INC. | | |

Defendant's motion concerns only plaintiff's first claim for negligent misrepresentation and her third claim for wrongful termination. See Mot. at 4. Each claim is discussed in turn.

### A. Negligent Misrepresentation

To establish a claim for negligent misrepresentation, a plaintiff must plead "(1) a misrepresentation of a past or existing fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages." Fox v. Pollack, 181 Cal. App. 3d 954, 962 (Cal. Ct. App. 1986).

Plaintiff avers that "several Unicast employees" represented to plaintiff that the non-compete clause was unenforceable and that if problems did arise between plaintiff and EyeWonder, Unicast would "take care of these problems" for her. Compl. ¶ 19. Plaintiff alleges that "Unicast mistakenly believed that [plaintiff's] 'non-compete' clause would necessarily be construed under California law," when in fact it was construed under Georgia law. Id. ¶ 20. Plaintiff alleges that she relied on these misrepresentations to her detriment because had she known the non-compete was enforceable and that Unicast would not pay all of her attorneys' fees, she would not have left her job at EyeWonder. Id. ¶¶ 22–23.

Defendant moves to dismiss this claim on the ground that none of the alleged statements are statements of a "past or existing fact." Mot. at 4. Specifically, defendant contends that any statements regarding the enforceability of the non-compete clause "were, at best, non-actionable opinions." Id. at 5 (citing Miller v. Yokohama Tire Corp., 358 F.3d 616, 621 (9th Cir. 2003)). Defendant argues that legal opinions are "generally not actionable as fraud, even when they are false." Id. at 5–6. As to the alleged promise to "take care of" any problems that might arise between plaintiff and EyeWonder, defendant argues that it was not making a statement regarding a "past" or "existing" fact, and thus the statement not actionable. Id. at 7. Moreover, defendant asserts that a promise to "take care of" problems is not a "positive assertion of any fact, whether past, present or future." Id. at 8. Finally, defendant argues that plaintiff has not alleged that Unicast had no reasonable grounds for believing its representations to be true. Id. at 9–10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9197 CAS (JEMx) | Date | December 12, 2011 |
|---|---|---|---|
| Title | MARIA SEVIGNY v. DG FASTCHANNEL, INC. | | |

   Plaintiff responds, without citing any case law, that defendant's alleged statement that it would "take care of" any problems for plaintiff "is a statement of fact, not an opinion about future events." Opp'n at 4. Plaintiff does not contest that the alleged statements regarding the enforceability of the non-compete clause is an opinion. See id.

   The Court finds that plaintiff has failed to state a claim for negligent misrepresentation. First, any alleged statements about the enforceability of the non-compete clause is, at most, a representation regarding a matter of law. See Miller, 358 F.3d at 618 (employee's claim that employer violated RICO by falsely representing to him and other employees that they were not entitled to overtime pay was a non-actionable legal opinion). The court in Miller held that representations concerning "domestic law are normally regarded as expressions of opinion which are generally not actionable in fraud even if they are false." Id. at 621. Thus, Unicast's alleged representation that the non-compete agreement would be unenforceable is, at most, a legal opinion, and not a statement of a past or existing fact. See id.; Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 158 (Cal. Ct. App. 1991) ("[A] negligent misrepresentation must ordinarily be as to past or existing material facts.").[1]

   Second, Unicast's alleged statement that it would "take care of" any problems

---

[1] Miller outlined four exceptions to the general rule that only statements of fact are actionable: where the party accused of making the misrepresentation (1) purports to have special knowledge; (2) is in a fiduciary relationship with plaintiff; (3) has successfully endeavored to secure the confidence of the plaintiff; or (4) has some other special reason to expect that the plaintiff would rely on its opinion. Miller, 358 F.3d at 621. None of the exceptions apply here. Plaintiff has not alleged that any of the Unicast employees had specialized knowledge in the area of non-compete clauses, nor has she pled the existence of any fiduciary duties. The third exception does not apply to statements made by management, but instead applies where the party making the representation "gains the other's confidence by stressing their common membership in a religious denomination, fraternal order, or social group," or where a relationship has built up over "years," neither of which are pled here. Id. at 622. Finally, the fourth exception requires a showing that the plaintiff "has a particular lack of intelligence or is particularly gullible" and that the defendant "preyed on any such traits." Id. Plaintiff has not pled that she has a particular lack of intelligence or is particularly gullible.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9197 CAS (JEMx) | Date | December 12, 2011 |
|---|---|---|---|
| Title | MARIA SEVIGNY v. DG FASTCHANNEL, INC. | | |

plaintiff may have with EyeWonder is likewise not a statement of "a past or existing material fact." Fox, 181 Cal. App. 3d at 962. "[P]redictions about future events, or statements about future action by some third party, are deemed opinions, and not actionable fraud." 5 Witkin, Summary of Cal. Law Torts, § 774, at 1124 (10th ed. 2005). See also Tarmann, 2 Call. App. 4th at 157 (finding that an insurer's promise to pay in the future did not support a claim for negligent misrepresentation). Representations "relating to what may happen in the future are generally not actionable . . . and the mere failure to perform a promise is not a tort." Witkin Torts, § 781, at 1131.[2]

Accordingly, the Court GRANTS defendant's motion to dismiss plaintiff's first claim. Because plaintiff may be able to cure the above-outlined defects, dismissal is without prejudice.

**B.    Wrongful Termination**

A claim for wrongful discharge requires a showing that the employer's "motivation for a discharge contravenes some substantial public policy principle." Anderson v. Savin Corp., 206 Cal. App. 3d 356, 365 (Cal. Ct. App. 1988) (internal quotation marks, citation, and alteration omitted).

Plaintiff avers that Unicast terminated her employment in violation of public policy as set forth under Cal. Bus. & Prof. Code § 16600 et seq. and Cal. Lab. Code § 2802. Compl. ¶¶ 31–32. Plaintiff alleges that Unicast "enforc[ed] an illegal non-compete clause

---

[2]Further, a representation is not actionable unless it is a "positive assertion." Wilson v. Century 21 Great W. Realty, 15 Cal. App. 4th 298, 306 (Cal. Ct. App. 1993). "[A]n omission or implied assertion or representation is not sufficient." Apollo Capital Fund, LLC v. Roth Capital Partners, LLC, 158 Cal. App. 4th 226, 243 (Cal. Ct. App. 2007). Here, plaintiff contends that Unicast's statement that it would "take care of" any problems between plaintiff and EyeWonder means Unicast would pay for any and all attorneys' fees arising in the future between those parties. But plaintiff necessarily reaches that conclusion through implication. While plaintiff may be able to assert a claim that Unicast made "[a] promise . . . without any intention of performing it," see Cal. Civ. Code § 1710(4), plaintiff has failed to allege facts supporting that theory in her complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9197 CAS (JEMx) | Date | December 12, 2011 |
|---|---|---|---|
| Title | MARIA SEVIGNY v. DG FASTCHANNEL, INC. | | |

against its own employee" by prohibiting contact with clients "beyond the scope of the [Georgia court's] Injunction" in violation of § 16600 et seq. Id. ¶ 31. Plaintiff further alleges that "Unicast terminated [plaintiff's] employment because, in effect, she requested indemnification under Cal. Labor Code § 2802." Id. ¶ 32.

Defendant moves to dismiss this claim because the public policy underlying § 16600 "precludes employers from seeking to restrain the competitive activities of their *former* employees," but does not preclude employers "from limiting the competitive activity of their *current* employers." Mot. at 11 (emphasis in original) (citing Fowler v. Varian Assocs., Inc., 196 Cal. App. 3d 34, 43–44 (Cal. Ct. App. 1987)). Further, defendant contends that the public policy underlying § 2802 does not apply because plaintiff was not terminated until more than a year after resolving her litigation with EyeWonder. Id. at 12. Defendant asserts that "neither section 2802 nor the public policy embodied therein in any way require[s] employers to retain employees that incur unreasonable expenses or in any way precludes employers from terminating employees that ultimately prove to be unprofitable for whatever reasons." Id.

Plaintiff responds that defendant violated § 16600 "when it prevented [plaintiff] from engaging in sales not covered by the existing injunction." Opp'n at 5. Plaintiff also argues that defendant violated § 2802 "when it refused to indemnify her for claims that resulted from her employment with [Unicast]." Id. Plaintiff offers no other support for her arguments.

The Court finds that plaintiff has failed to state a claim for wrongful termination. Section 16600 addresses "narrower concerns" than "a broad, free-competition policy." Fowler, 196 Cal. App. 3d at 44. It is typically applied to invalidate "certain far-reaching *postemployment* covenants not to compete." Id. (emphasis added). Here, plaintiff complains that her *current* employer, Unicast, prevented her from engaging in sales with certain clients; there are no allegations that Unicast and plaintiff entered into a postemployment covenant not to compete. See id. Plaintiff's allegations seem to revolve around business decisions made by her then-employer, Unicast; but § 16600 aims to prevent employers from attempting to bind ex-employees from competing in the same field. Id.; see also Retirement Group v. Galante, 176 Cal. App. 4th 1226, 1238 (Cal. Ct. App. 2009) ("We distill from the foregoing cases that section 16600 bars a court from specifically enforcing (by way of injunctive relief) a *contractual* clause purporting to ban a *former* employee from soliciting former customers to transfer their business . . . to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9197 CAS (JEMx) | Date | December 12, 2011 |
|---|---|---|---|
| Title | MARIA SEVIGNY v. DG FASTCHANNEL, INC. | | |

employee's new business.") (second emphasis added). Thus, the public policy underlying § 16600 does not serve as a basis for plaintiff's wrongful termination claim.

Moreover, the public policy embodied in § 2802 is for an employer to "indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties. . . ." Cal. Lab. Code § 2802.[3] Thus, plaintiff must plead that "the employer's motivation for a discharge contravenes some substantial public policy principle"; i.e., a plaintiff must establish some nexus between the alleged violation of public policy—defendant's refusal to indemnify plaintiff in February 2010—and the purported wrongful termination. Anderson, 206 Cal. App. 3d at 365. Here, however, plaintiff was not terminated until more than a year after defendant's alleged cessation of indemnification, and indeed was not terminated until more than a year after settling her previous employment. See also Turner v. Anheuser-Busch, Inc., 7 Cal. 4th 1238, 1258–59 (1994) (holding that plaintiff's claim of whistle-blower harassment failed because he could not demonstrate "the required nexus" between his reporting alleged statutory violations and the alleged adverse treatment he suffered at the hands of his employer). Plaintiff has not alleged any connection between defendant's refusal to indemnify her and her termination more than a year later. See Balistreri, 901 F.2d at 699 (dismissal is proper where there is an "absence of sufficient facts alleged under a cognizable legal theory").

Accordingly, the Court GRANTS defendant's motion to dismiss plaintiff's wrongful termination claim. Because the Court cannot conclude that amendment would be futile, dismissal is without prejudice.

**V.      CONCLUSION**

In accordance with the foregoing, defendant's motion to dismiss is GRANTED without prejudice. Plaintiff shall have **twenty (20) days** to file an amended complaint.

IT IS SO ORDERED.

---

[3]Whether or not defendant violated this section by failing to indemnify plaintiff throughout the Georgia litigation is the subject of plaintiff's second claim and not at issue in defendant's motion. Reply at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9197 CAS (JEMx) | Date | December 12, 2011 |
|---|---|---|---|
| Title | MARIA SEVIGNY v. DG FASTCHANNEL, INC. | | |

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | RS | | |