UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SEVIGNY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DG FASTCHANNEL, INC., a Delaware Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: CV-11-009197 CAS (JEMx)<br><br>Hon. Christina J. Snyder<br><br>~~[PROPOSED]~~ PROTECTIVE ORDER<br><br>**DISCOVERY MATTER**<br>**HON. JOHN E. MCDERMOTT** |

The Court, having reviewed the Stipulation Re Protective Order entered into between Plaintiff Maria Sevigny and Defendant DG FastChannel, Inc., finds that good cause exists to enter an order approving said Stipulation.

Accordingly, IT IS HEREBY ORDERED as follows:

1. This Protective Order shall apply and govern without limitation, all information, things, or documents (or portions thereof) produced in response to formal or informal discovery requests (including without limitation, requests for production/inspection, subpoenas, interrogatories, requests for admission and depositions) or constituting or contained in, deposition transcripts, declarations, exhibits, motions, briefs, pre-trial orders, stipulations, matters offered in evidence before this Court, including testimony adduced at trial, and other information where: (1) a party reasonably and in good faith believes that the documents, information, or things contain trade secrets or other confidential, proprietary, technical, commercial or privileged information; (2) a party to this action or third party disclosing the information ("Designating Party") designates the documents, information, or things as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY"; and (3) the designated documents, information, or things are thereafter furnished, filed or served directly or indirectly, by or on behalf of the Designating Party. The treatment of all documents, information, and things so designated (collectively referred to as "Confidential Material") shall be governed by the terms of this Protective Order.

2. "Confidential Material" shall be interpreted to include: 1) trade secrets as defined under California Civil Code Section 3426.1(d) and applicable case law; 2) other confidential and proprietary technical, research or development information; 3) commercial, financial, budgeting and/or accounting information; 4) personnel compensation, evaluations and other employment information; 5) attorney-client or work product information; and 6) confidential and proprietary information about affiliates, parents, subsidiaries, and third parties with whom the parties to this action have had business relationships. The scope of this Protective Order shall be

understood to encompass not only those items or things that are expressly designated as Confidential Material, but also any information derived therefrom and all copies, photographs, excerpts, and summaries thereof, as well as testimony and oral conversations derived therefrom or related thereto.

3. Designation of Confidential Material:

    a. A party in this action may designate as "CONFIDENTIAL" any non-public material which it supplies, discloses, produces, files or uses in connection with this Proceeding which it reasonably believes contains Confidential Material.

    b. A party in this action may designate as "CONFIDENTIAL-ATTORNEY'S EYES ONLY" those materials that it, in good faith, believes contain highly sensitive financial, customer and/or personal information, the disclosure of which to the other party would cause substantial and/or irreparable harm to the producing party. It is understood that the "CONFIDENTIAL-ATTORNEY'S EYES ONLY" designation is an exceptional designation and is to be used in good faith and to protect the information which meets the above defined criteria.

4. Confidential Material shall be designated and marked as follows:

    a. *Documents*: All documents (or portions thereof) produced in response to formal or informal discovery requests (including, without limitation, requests for production/inspection, subpoenas, interrogatories, requests for admission and depositions) or constituting or contained in, deposition transcripts, declarations, exhibits, motions, briefs, pre-trial orders, stipulations, matters offered in evidence before this Court, including transcripts of testimony adduced at trial, and other documents a party reasonably and in good faith believes to contain trade secrets or other confidential, proprietary, technical or commercial information, may be designated as Confidential Material by placing the following legend, or equivalent thereof, on any such document prior to production, service or filing: "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY." Such

legend shall be placed upon the first page of each document containing Confidential Material and upon each page within such document considered to contain Confidential Material.

      b.   *Magnetic or Optical Media Documents*: Where a document is produced in a magnetic or optical media (such as floppy diskette, CD-ROM, or tape), the cartridge, reel, or medium container shall be marked with the appropriate confidentiality notice as described in ¶ 3 above. To the extent the Designating Party agrees in writing to the printing of any information contained on such media, such printouts will be marked as described in ¶ 4.a above.

      c.   *Physical Exhibits*: The confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit designating it as "CONFIDENTIAL MATERIAL OF [Designating Party(s)]." Materials designated as "CONFIDENTIAL-ATTORNEY'S EYES ONLY" may not be used as exhibits without prior agreement of the parties as indicated in ¶ 5 below.

      d.   *Partial Designations*: In the case of information incorporated in answers to interrogatories or responses to requests for admission, the appropriate legend shall be placed on the answer or response and such answers or responses shall be separately produced.

      e.   *Deposition Proceedings*: Designation of specific portions of deposition transcripts (including specific exhibits) as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" shall be made by a statement to such effect on the record in the course of the deposition. Upon designation of the transcript on the record, during the deposition, the portion of the deposition containing Confidential Material shall continue in the absence of all persons to whom access to said Confidential Material is not allowed under the terms of this Protective Order. The Court Reporter or other person recording the proceedings shall segregate any portion of the transcript of the deposition or hearing which has been stated to contain Confidential Material and may furnish copies of these segregated portions, in a sealed

envelope, only to the deponent as required by law, to the Court, and to counsel for the parties bound by the terms of this Protective Order.

f. *Inadvertent Failure to Designate*: If one of the parties designating material inadvertently fails to designate information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" under this Protective Order, such failure shall not constitute a waiver of the Designating Party's right to so designate such information. In the event that such an inadvertent failure to designate occurs, the Designating Party shall upon discovery of the inadvertent failure to designate promptly notify in writing all parties known to have received the information in question, and provide them with appropriately marked substitute copies of the affected information at the expense of the Designating Party. Until a receiving party receives such notification, any disclosure made by that party of the information to those not permitted by this Protective Order to have access to the information under the redesignation shall not constitute a violation of thereof. However, upon receiving such notification, the receiving party shall retrieve and destroy all copies of the incorrectly labeled information and, if a party to whom the receiving party disclosed the information was permitted access to such information under this Protective Order, replace them with the substitute copies provided by the Designating Party. The identification under this section of a party to whom disclosure was made shall not constitute a waiver of attorney work product or attorney-client privileges.

g. *Materials Disclosed by Third Parties:* Upon receiving notice that a party intends to seek a protective order from the Court to designate certain materials disclosed by third parties as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY," the party receiving notice must protect the materials under that level of protection for at least forty days, or until such time as the Court decides the motion for a protective order, whichever is less. Nothing herein will prevent a party from complying with other deadlines set by the Court.

5
[PROPOSED] PROTECTIVE ORDER

LEGAL02/33493857v2

5. Confidential Material may be disclosed only as follows:

    a. Materials designated "CONFIDENTIAL" may be revealed to any of the following persons:

        i. Any named party to the litigation, including any present or former employee or agent thereof to whom it is necessary that the designated material be shown for purposes of the litigation; and

        ii. Any other person as to whom the parties first agree in writing, which agreement will not be unreasonably withheld.

    b. Materials designated "CONFIDENTIAL-ATTORNEY'S EYES ONLY" may be revealed to any of the following persons:

        i. Outside counsel for any named party to the litigation; and

        ii. Any other person as to whom the parties first agree in writing, which agreement will not be unreasonably withheld.

6. Each individual who receives any materials designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with or violation of this Protective Order. In addition, each individual, except for counsel of record and the Court and its employees, who receives any materials designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY," must complete and sign the Acknowledgement Form attached hereto.

7. The recipient of any materials designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" provided under the terms of this Protective Order shall maintain such information and materials in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination of such information.

8.  Confidential Material shall not be made available to any person except as authorized under this Protective Order. Confidential Material shall not be used for any purposes other than in the prosecution or defense of claims asserted in this action. In no event shall any person receiving Confidential Material use it for commercial or competitive purposes or make any public disclosure of the contents thereof. However, nothing contained in this Protective Order shall affect the right of the Designating Party to disclose information designated solely by it under this Protective Order.

9.  Protests

    a.  Protests of the designation of Confidential Material will occur only as follows:

        i.  If a party believes that material designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" is not in fact the proper subject for such designation, or should be reclassified or revealed to an individual not otherwise authorized to have access to such material under the terms of this Protective Order, then such party shall provide to the Designating Party written notice of this disagreement with the designation. The parties shall first try to resolve such dispute in good faith on an informal basis.

        ii. If the parties are unable to resolve their dispute, then the party asserting the designation may request appropriate relief from the Court in accordance with Local Rule 37. It shall be the burden of the Designating Party to establish that the contested material is confidential. In any event, unless and until a Court ruling is obtained changing a designation, or the parties agree otherwise, the material involved shall be treated according to its designation.

10. Adherence to this Protective Order in no way constitutes an admission by any party that any information provided in this litigation and not subject to this Protective Order is not proprietary or confidential.

11. This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person, nor obligate any party or person to provide any discovery to which it asserts objections.

12. Subject to contrary agreement by the parties, within thirty (30) days after termination of this action, and the expiration of time for all appeals, all originals and copies of Confidential Material shall be returned to counsel for the respective persons or entities that produced such Material or shall be destroyed by each recipient of the material at the Designating Party's expense. The Designating Party shall, however, only be responsible for the costs of returning or destroying the Confidential Material, not the attorney's fees incurred in reviewing, returning or destroying the Confidential Material. The termination of proceedings in this action shall not thereafter relieve the parties from the obligation to maintain the confidentiality of all Confidential Material received pursuant to this Protective Order.

13. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of these proceedings or specific documents or testimony as that party may deem appropriate, including but not limited to restrictions on public disclosure or disclosure to competitors.

14. Each party reserves the right to apply to the Court to modify the terms of the Protective Order in the event that the party believes that it is necessary. In the event such an application is made, all persons described herein shall be bound by the Protective Order until it is modified by the Court.

15. The effect of any inadvertent production of any document or other disclosure of Confidential Material which the Designating Party contends is subject to the attorney-client privilege, work-product protection, or any other privilege or protection against disclosure shall be governed by California law.

16. If any party or non-party, having received "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" material, receives a subpoena or

other compulsory process from any other person or entity seeking the production of the "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" material produced by the Designating Party, counsel for the Designating Party shall be notified immediately in writing of the receipt of such subpoena or other compulsory process and immediately shall be given copies of such subpoena or compulsory process.

17. Nothing in this Protective Order shall be construed to render documents as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" if such documents have already been legally obtained by the Receiving Party from a third party or the Designating Party, before such documents are supplied, disclosed, produced, filed or used by the Designating Party. Nor shall anything in this Protective Order apply to any information which is acquired in good faith from a third party who is not a party, an employee, or former employee of a party in this action and who voluntarily supplies the information, or information which was, is, or becomes public knowledge by means not in violation of the provisions of this Protective Order, and not involving illegal disclosure by a third party or a party to this action; and shall not prevent a party's use or disclosure of its own Confidential Material, even if such information is produced by another party under a designation provided for herein.

18. In the event a party wishes to use any Confidential Material in any affidavit, brief, memoranda of law, or other paper filed with the Court in this litigation, that party must first submit to the Court a written application and proposed order seeking permission to file such Confidential Material under seal in accordance with Local Rule 79-5.1.

19. The parties and their respective counsel are to be bound by the terms and conditions stated in the Stipulation Re Protective Order upon execution thereof by both parties, regardless of the date upon which the Court enters this Protective Order or any other protective order in this action.

20. **Good Cause** – Good Cause exists for entering this Protective Order because the materials protected hereby have been narrowly defined to include trade secret, confidential and proprietary, and/or privileged information. Such confidential information is generally not made available to the public, and its disclosure could cause serious and irreparable harm to one or more of the parties to this action and/or to other third parties.

**IT IS SO ORDERED.**

DATED: 8/3/2012

The Honorable John E. McDermott
United States District Court

10
[PROPOSED] PROTECTIVE ORDER

LEGAL02/33493857v2

Respectfully submitted,

DATED:  August 2, 2012

MARTHA S. DOTY
NICOLE C. RIVAS
**ALSTON & BIRD LLP**

/s/
_____
Nicole C. Rivas

Attorneys for Defendant
DG FASTCHANNEL, INC.